## Walter H. Mills et al. v. M. Jensen.

1. FRAUD—*Not Shown by the Evidence.*—The court discusses the evidence in this case and concludes that it does not show such fraudulent statements or acts on the part of appellant as would justify the appellee in rescinding the contract sued on.

2. AGENTS—*Suit in the Name of, Held Proper under the Circumstances.*—An order was addressed "To Messrs. Mills & Co., general agents, The Computing Scale Company, Chicago, Illinois." *Held,* that the order was to Mills & Co., and that suit was properly brought in their name.

**Transcript,** from a justice of the peace. Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the November term, 1897. Reversed and remanded. Opinion filed June 3, 1898.

J. P. LIPPINCOTT, attorney for appellants.

EDWARD P. KIRBY, attorney for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

The appellants sued the appellee before a justice of the peace in Morgan county, and after making default, the suit was dismissed at their costs. They then appealed to the Circuit Court of that county, where a trial by jury was had, and a verdict and judgment for the appellee was rendered. Appellants bring the case to this court by appeal.

The basis of the suit is to recover for one "Standard Market Computing Scales," claimed to have been sold and delivered by the appellants to the appellee under the following order.:

"WALTER K. MILLS,
  SAMUEL M. HASTINGS.

JACKSONVILLE, ILLS., April 22, 1895.

To Messrs. Mills & Co., General Agents, The Computing Scale Company, Chicago, Ills.

Please ship me at Jacksonville, Ills., as soon as possible,

one of your Standard Market Computing Scales, as per illustration. Said scale to be equipped with the latest improvements; color of scale to be red. On the fulfillment of the above I agree to pay you the sum of sixty-one dollars ($61) as follows: $10 within fifteen days from receipt of scale; $10 one month; $10 two months; $10 three months; $10 in four months, $11 in five months.

Five days after receipt of scale to remit cash payment and notes for deferred payments as above. In default of any payment, you, or your agent, may take possession of and remove said computing scale without legal process, unless such default be granted by special letter from Mills and Company. It is agreed that this order shall not be countermanded.

It is also agreed that the title to said computing scale shall not pass until the same is paid for in full and shall remain your property until that time.

Guaranty : The Computing Scale Company guarantee that the scales referred to in this contract, shall, if properly used, indicate correctly the value of any article capable of being weighed upon them, at any given price per pound, from three cents to sixty cents. Should said computing scales get out of order any time within two years from date of shipment, with ordinary use (not dropped or broken), the Computing Scale Company agree to quickly repair the same free of charge. This contract covers all agreements between the parties hereto.

(Signed)   M. Jensen.
Salesman, B. F. Fertick."

The proof taken in the Circuit Court shows that B. F. Fertick, a traveling salesman for the appellants, came to the retail grocery store of the appellee in Jacksonville, having with him a sample scales which he showed the appellee, and to him explained its advantages over the ordinary scales; after being there some two hours, during which time he extolled the excellency of his scales, the appellee gave him the order above quoted. The salesman then departed but left the sample scales, which the appellee experimented with during

that afternoon and evening. When the salesman returned to the store next morning for the sample scales, the appellee informed him that he, upon a more particular examination, had concluded not to take the scales ordered from him, and requested a return of the order. The salesman replied that the order had gone forward to his house and it was too late for him to reconsider.

A short time afterward, the scales ordered was received by the appellee, unpacked and used a while by him, but he did not pay for it as the order provided.

The scales received was like the sample shown when the order was given.

The appellee contends that the evidence shows that he was induced to sign the order by fraudulent statements and acts of the salesman, and that the suit is improperly brought in the name of the appellants, as the order is to " The Computing Scales Co."

But we think the evidence does not show such fraudulent statements or acts as would justify the appellee in rescinding the order; nor do we think the suit was brought by the wrong parties. The order for the scales, as we construe it, is to the appellants, and the suit was properly brought by them.

The appellants insist that the trial court erred in not giving their instructions to the jury as requested, without modification.

We have examined these instructions, and think the court below ought to have given them as requested without modification, and that in modifying them, it committed reversible error. The verdict and judgment were contrary to the law and the evidence, and the Circuit Court erred in not allowing the appellants their motion to set aside the verdict. and grant a new trial on that account.

For these errors we reverse the judgment of the Circuit Court and remand the case to that court for a new trial.

Judgment reversed and case remanded.